Elizabeth V. McNulty (SBN 192455)
emcnulty@efstriallaw.com
Joshua D. Cools (SBN 319531)
jcools@efstriallaw.com
Colin P. Cronin (SBN 325644)
ccronin@efstriallaw.com
Samantha M. Geraghty (SBN 345646)
sgeraghty@efstriallaw.com
EVANS FEARS & SCHUTTERT LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Telephone: (949) 301-9463
Facsimile: (949) 966-0706
E-Service: efsfordconsumer@efstriallaw.com

Attorneys for Defendant
FORD MOTOR COMPANY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/03/2023** at 08:00:00 AM
Clerk of the Superior Court
By Nora Lopez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

'23CV0597 JLS  JLB

| | |
|---|---|
| ANDREW C. VOLK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO: 37-2023-00008551-CU-BC-CTL<br><br>Judge: James A. Mangione<br>Dept. C-75<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>Complaint Filed: 3/1/2023<br>Trial Date: Not Set |

**FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Defendant FORD MOTOR COMPANY ("Ford") hereby responds to the Unverified Complaint ("Complaint") filed by Plaintiff ANDREW C. VOLK ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure section 431.30, Ford hereby generally denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in any sum whatsoever.

Further answering the Complaint, and the whole thereof, including each and every cause of action contained herein, Ford denies that Plaintiff has or will sustain any injury, damage or loss, if any, by reason of any act or omission, fault or negligence on the part of Ford, its agents, servants, and employees, or any of them.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1.  Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Ford and Ford denies that Plaintiff was damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2.  Ford is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations including, but not limited to, limitations contained within Code of Civil Procedure sections 335.1, 337, 338, 339 and 340.

## THIRD AFFIRMATIVE DEFENSE

**(Right to Arbitrate)**

3.  Ford is informed and believes, and on that basis alleges, the Plaintiff entered into a binding arbitration agreement with Defendant Ford Motor Company and/or the dealership from which Plaintiff purchased the subject 2018 Ford F-150 (VIN: 1FTEW1EP7JFCO2462) (the "Subject Vehicle"). Ford, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

/ / /

/ / /

FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

4. Plaintiff lacks standing to bring the present action because Plaintiff is not a "consumer," and the Subject Vehicle was sold to Plaintiff as a used vehicle and is not a "new motor vehicle" as required by Civil Code § 1793.22(e)(2).

## FIFTH AFFIRMATIVE DEFENSE

### (1793.2(b) – Delay Expressly Excused)

5. To the extent Plaintiff alleges that Ford failed to begin or complete a repair of any nonconformity within thirty (30) days, such failure was excused by delays caused by conditions beyond the control of Ford.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. Plaintiff is estopped from obtaining the relief sought or pursing any of the claims raised or causes of actions contained in his Complaint, by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. Ford is informed and believes, and on that basis alleges, that the claims and relief sought by Plaintiff are barred by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8. Plaintiff has waived his rights to the claims, causes of action and relief sought in his Complaint against Ford, by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

/ / /

/ / /

/ / /

/ / /

**FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Ford. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

10. Plaintiff's causes of action have not accrued because Plaintiff cannot establish that he suffered injury directly from the Subject Vehicle or products, and therefore Plaintiff's contention that the Subject Vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

11. If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiff's failure to conduct himself in a manner ordinarily expected of a reasonably prudent person in the conduct of his affairs and business. The contributory negligence and fault of Plaintiff diminishes any recovery herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence of Third Parties)

12. If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than Ford, by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Contributory negligence and fault of persons and/or parties, other than Ford, diminishes any recovery from Ford.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Maintenance and Other Exclusions)

13. Ford is informed and believes, and on that basis alleges, that Plaintiff and/or others may have improperly cared for and maintained the subject 2018 Ford F-150, and that some of

Plaintiff's concerns may have been proximately caused by such lack of maintenance of the Subject Vehicle or products. Ford reserves the right to identify additional exclusions which may be applicable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unreasonable or Unauthorized Use of Vehicle)**

14. Ford is informed and believes, and on that basis alleges, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the Subject Vehicle. Civil Code section 1794.3.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Duration of Implied Warranty)**

15. The maximum duration of the implied warranty is one year for a new good. Civil Code section 1791.1(c).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Subject Vehicle Fit for its Intended Purpose)**

16. Ford is informed and believes, and on that basis alleges, that the subject 2018 Ford F-150 was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Timely Revocation)**

17. Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

18. The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

19.     Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act or Magnuson-Moss Warranty-Federal Trade Commission Improvements Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Civil Action Barred)

20.     Defendant Ford Motor Company has established a compliant informal dispute settlement procedure pursuant to 15 U.S.C. section 2310 and Plaintiff was made aware of this procedure but failed to utilize the procedure.  Thus, Plaintiff is barred from commencing any civil action pursuant to the Magnusson-Moss Warranty-Federal Trade Commission Improvements Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Third Party Resolution)

21.     Ford maintains a qualified third-party dispute resolution process.  Consequently, Plaintiff has no claim for civil penalty for any alleged willful violation. (*Suman v. BMW of North America, Inc.* (1994) 23 Cal.App.4th 1.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Civil Code section 1794(e)(3))

22.     Ford is informed and believes, and on that basis alleges, that Plaintiff failed to provide written notice under Civil Code section 1794, subdivision (e)(3), and therefore, Plaintiff's civil penalty claim is barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure of Performance)

23.     Ford is informed and believes, and on that basis alleges, that any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty.  Plaintiff's performance was a condition precedent to the performance of Ford's obligations.

**FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Alteration of Product)**

24. The 2018 Ford F-150 was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of Ford. Any alleged damage or defect to the Subject Vehicle was caused and created by changes and alterations made to the vehicle subsequent to the vehicle's manufacture and/or sale other than Ford or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Preemption)**

25. The Complaint and each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118, *et seq*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Performance)**

26. Prior to the commencement of this action, Ford fully performed, satisfied, and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on its behalf and this action is therefore barred by the provisions of Civil Code section 1473.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

27. Plaintiff is barred from recovery, in whole or in part, on the ground that he is subject to the defense of accord and satisfaction.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Notify)**

28. Ford is informed and believes, and on that basis alleges, that Plaintiff failed to provide timely notice, within a reasonable period of time after discovery of his claims and alleged defects. As a result, his causes of action against Ford is barred as a matter of law.

FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Complete Performance)**

29. Ford has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Compliance with Laws)**

30. Ford has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages he may have sustained, if any.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Good Faith)**

31. At all times relevant and material to this action, Ford acted reasonably and in good faith.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Independent Causes)**

32. The alleged injuries, damages, or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Ford, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Ford.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Inspect)**

33. Ford alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Ford, to properly inspect the Subject Vehicle or products, thereby eliminating or reducing the alleged liability of Ford.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Maintain)**

34. Ford alleges that any and all conditions in the Subject Vehicle or products described in the Complaint, if any there were, were solely a result of the failure to properly

maintain and service the Subject Vehicle or products, thereby eliminating or reducing the alleged liability of Ford.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No Breach)**

35.     Ford alleges that it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(No Affirmative Conduct)**

36.     Ford alleges that there was no affirmative conduct on the part of Ford, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Ford.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Substantial Factor)**

37.     Ford alleges that the negligence and other legal fault alleged in the Complaint as against Ford, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Excessive/Speculative Damages)**

38.     Ford alleges that the damages allegedly sustained by Plaintiff, if any, were excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

39.     If Plaintiff has suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Plaintiff's conduct and/or his potential failure to mitigate any such loss, damage or injury.

///

///

FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FORTIETH AFFIRMATIVE DEFENSE

**(Set Off)**

40.  Ford alleges that if it is established that Ford is in any manner legally responsible for any of the damages claimed by Plaintiff, which is denied, Ford is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

## FORTY-FIRST AFFIRMATIVE DEFENSE

**(Spoliation of Evidence)**

41.  The Subject Vehicle or products identified in the Complaint that were allegedly repaired by Ford or its authorized service facilities are missing, have been modified or altered and/or are no longer available for Ford's inspection, which impacts Ford's defense in this case. Ford is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

## FORTY-SECOND AFFIRMATIVE DEFENSE

**(Fees and Costs)**

42.  Ford is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against Ford. Plaintiff should therefore be responsible for all of Ford's necessary and reasonable attorney's fees and defense costs as permitted by California law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

43.  Ford reserves its rights to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

/ / /

/ / /

## **PRAYER**

WHEREFORE, Defendant Ford Motor Company prays as follows:

1. That Plaintiff takes nothing by way of his Complaint on file herein, and that this action be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of Ford for costs of suit; and,

3. For such other and further relief as the Court may deem just and proper.

Dated: March 31, 2023                                    EVANS FEARS & SCHUTTERT, LLP

*/s/ Samantha Geraghty*
Elizabeth V. McNulty
Joshua D. Cools
Colin P. Cronin
Samantha M. Geraghty
Attorneys for Defendant
FORD MOTOR COMPANY

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California 92660.

On March 31, 2023, I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

*SEE ATTACHED SERVICE LIST*

☐ **BY MAIL:** I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f)).

☐ **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b)).

☒ **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.
☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2023 at Newport Beach, California.

*Lorry Abercrombie*
Lorry Abercrombie

**FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

# SERVICE LIST

*Volk v. Ford Motor Company*
Superior Court of California, County of San Diego
Case No. 37-2023-00008551-CU-BC-CTL

| | |
|---|---|
| **QUILL &ARROW, LLP**<br>Kevin Y. Jacobson, Esq.<br>Allen Amarkarian, Esq<br>10900 Wilshire Blvd., Suite 300<br>Los Angeles, CA 90024<br>Tel: (310) 933-4271<br>Fax: (310) 889-0645<br>Kjacobson@quillarrowlaw.com<br>Aamarkarian@quillarrowlaw.com<br>e-service@quillarrowlaw.com | Counsel for Plaintiff<br>ANDREW C. VOLK |